### In re: FLORIDA DEPARTMENT OF CORRECTIONS SEXUAL HARASSMENT BY INMATES LITIGATION.

#### MDL No. 2112.

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER, Judges of the Panel.

#### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in an action pending in the Northern District

of Florida have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of that action, three actions in the Middle District of Florida, and two actions in the Southern District of Florida, as listed on Schedule A.

The Florida Department of Corrections (DOC), which is a defendant in all six actions, opposes centralization. If the Panel nevertheless orders centralization over its objections, then DOC favors selection of the Middle District of Florida as transferee district.

After considering all argument of counsel, we will deny the Section 1407 motion. It is true that these six Title VII actions do have some facial similarity: all plaintiffs are current or former DOC female employees who allege that they were regularly subjected to harassment by male inmates at various Florida correctional institutions, and that DOC repeatedly failed to take prompt corrective action to address the harassment. With that said, however, the alleged harassment occurred at different times and at more than a dozen institutions scattered throughout the state. The resolution of plaintiffs' claims is likely to turn on highly individualized inquiries regarding, *inter alia*, the nature and degree of inmate misconduct to which each plaintiff was exposed, the reporting of that misconduct to DOC personnel at the involved institution, the responsive measures undertaken (or not undertaken) taken by those personnel, and the measure of each plaintiff's alleged damages. Given these circumstances, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation at the present time.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied.

## SCHEDULE A

**MDL No. 2112 — IN RE: FLORIDA DEPARTMENT OF CORRECTIONS SEXUAL HARASSMENT BY INMATES LITIGATION**

*Middle District of Florida*

*Marsha Bennett, et al. v. Department of Corrections, State of Florida,* C.A. No. 2:09–549

*Tara Archer, et al. v. Department of Corrections, State of Florida,* C.A. No. 3:09–864

*Beebe L. Clark, et al. v. Department of Corrections, State of Florida,* C.A. No. 5:09–358

*Northern District of Florida*

*Donna Austin, et al. v. Department of Corrections, State of Florida,* C.A. No. 4:09–97

*Southern District of Florida*

*Eugenia V. Davis, et al. v. Department of Corrections, State of Florida,* C.A. No. 1:09–22446

*Cindy Baker, et al. v. Department of Corrections, State of Florida,* C.A. No. 2:09–14281